IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Patricia Masey, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 7:08-2078-HMH |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Paul Michael Gibson, a/k/a Joe Gibson, ) | |
| d/b/a Joe Gibson Suzuki; Joe Gibson ) | |
| Suzuki; Joe Gibson Automotive Inc.; ) | |
| Gibson's Financial Holdings LLC; Joe ) | |
| Gibson AutoWorld, Inc.; and CitiFinancial ) | |
| Auto, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on a motion to remand by Plaintiff Patricia Masey ("Masey") pursuant to 28 U.S.C. § 1447. For the reasons set forth herein, Masey's motion is granted. This case shall be remanded to the South Carolina Court of Common Pleas.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 29, 2008, Masey filed this civil action in the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina. Generally, Masey contends that the Defendants, acting individually and in concert, engaged in deceptive advertising and lending practices designed to induce consumers to purchase Suzuki automobiles. The Defendants are alleged to have artificially inflated the prices of new automobiles, and then to have actively misrepresented the financing charges related to the purchase of those vehicles. Masey brought this action against the Defendants for: (1) fraud; (2) negligence and negligent misrepresentation;

1

(3) a violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10; (4) quantum meruit; (5) a violation of the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-1-101; (6) conspiracy; (7) a violation of the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act, S.C. Code Ann. § 56-15-10; and (8) breach of contract accompanied by a fraudulent act.

On June 2, 2008, the Defendants removed this action from state court pursuant to 28 U.S.C. § 1441. On June 4, 2008, Masey filed the instant motion to remand. The Defendants have filed responsive briefs, and the matter is ripe for decision.

## II. Discussion of Law

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants[] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is upon the party seeking removal. See, e.g., Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). In this case, the source of original jurisdiction asserted is 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331.

There is often little doubt as to whether a matter arises under federal law. As a general proposition, "[a] suit arises under the law that creates the cause of action." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1982) (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). "Thus, the vast majority of cases brought under the

2

general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1985).

However, there are exceptional cases in which non-federal claims come within the federal-question jurisdiction of the district courts. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996). These cases are united by a common thread: in each, the complainant's right to relief necessarily depends upon the resolution of a substantial question of federal law. Franchise Tax Board, 463 U.S. at 27-28; Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).

In any event, the exercise of removal jurisdiction inevitably raises significant federalism concerns that touch upon "the interrelation of federal and state authority and the proper management of the federal judicial system." Franchise Tax Board, 463 U.S. at 8; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The complexity of those structural concerns is amplified when the claims presented are not created by federal law. Accordingly, "[t]he determination of whether a federal issue is sufficiently substantial should be informed by a sensitive judgment about whether the existence of federal judicial power is both appropriate and pragmatic." Ormet Corp., 98 F.3d at 807 (citing Merrell Dow, 478 U.S. at 813-14) (additional citation omitted). When federal jurisdiction seems doubtful, a remand to the jurisdiction of the state courts is necessary. Mulcahey, 29 F.3d at 151.

In this case, the court is not convinced that the issues of federal law implicated by the Complaint are necessary to its disposition. The Defendants have cited to Paragraphs 11, 66, and 74 as the bases for federal-question jurisdiction. These allegations are addressed in turn. Paragraph 74 states that:

> Dealer's course of conduct in failing to disclose the true terms of the financing, the $47 per month, violates SC Code 37-2-301, requiring Dealer as credit to disclose terms in accordance with the federal truth in lending as embodied by 15 USC 1601 et seq.

(Compl. ¶ 74) (all errors present in original). South Carolina Code § 37-2-301 provides as follows:

> A person upon whom the Federal Truth in Lending Act imposes duties or obligations shall make or give to the consumer the disclosures, information and notices required of him by that act and in all respects comply with that act.

S.C. Code Ann. § 37-2-301. In determining the existence of federal jurisdiction, reference is made only to the face of a well-pleaded complaint. Franchise Tax Board, 463 U.S. at 9-10; Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); see also Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, 663 (1961) (holding that the well-pleaded complaint rule applies equally to the removal jurisdiction of the district courts). Without question, the face of this Complaint incorporates by explicit reference a standard that is created by federal law, the Federal Truth in Lending Act. 15 U.S.C. § 1601.

However, the Truth in Lending reference falls far short of what is required to invoke federal jurisdiction. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813. Instead, federal law must be among the necessary elements of the non-federal claims. Id. (quoting Franchise Tax Board, 463 U.S. at 13) (internal quotation and additional citations omitted). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." Dixon, 369 F.3d at 816 (citing Mulcahey, 29 F.3d at 153). "In other words, if the plaintiff can support

his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Dixon, 369 F.3d at 817.

In this case, the Plaintiff's cause of action for a violation of the Consumer Protection Code is predicated on a breach of federal law, (Compl. ¶ 74), and separately, a breach of state law, (id. ¶ 76). Paragraph 76 alleges that:

> The loan as set forth, in light of the intentional fraud in the advertising and the statements, sets unconscionable loan practices in violation of SC Code 37-5-108(1), and Plaintiff seeks reformation of the Contract, refusal to enforce the terms of the Contract or voidance pursuant to SC Code 37-10-105(C).

(Compl. ¶ 76). Because the Plaintiff has presented a theory of recovery in support of her action that depends exclusively upon state law, the application of federal law is not essential to the action's disposition, and as a consequence, federal jurisdiction does not lie. Cf. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 812 (1987); Dixon, 369 F.3d at 816-18; Mulcahey, 29 F.3d at 153-54.

For similar reasons federal-question jurisdiction is not implicated by Paragraph 66 of the Complaint, which is stated in connection with the Plaintiff's action for a violation of the South Carolina Unfair Trade Practices Act, South Carolina Code § 39-5-10. Paragraph 66 alleges that:

> [T]he failure to comply with the various truth in lending disclosures, the inflated pricing, and the general scheme to foist a sham on members of the public, are all deceptive and designed to mislead buyers.

(Compl. ¶ 66.) Again, while this allegation contains a reference to a standard established by federal law, it also consists of purely state-based standards upon which liability can be predicated. Therefore, the exercise of federal-question jurisdiction cannot be sustained by the allegations of Paragraph 66. Cf. Mathis v. Gibson, No. 7:08-1778, 2008 WL 2330537, at *5

(D.S.C. June 3, 2008); Mickalis Pawn Shop, LLC v. Bloomberg, 482 F. Supp. 2d 707, 712 (D.S.C. 2007).

Nor can jurisdiction arise from Paragraph 11, which is not connected with any specific claim or cause of action. Paragraph 11 is strictly a factual averment:

> By taking this [retail installment sales contract] by assignment, Lender, as holders of the RISC, are liable for all claims and defenses as against the Dealer. This statement is contained in the language of the RISC or as mandated by federal law (16 CFR 433.2).

(Compl. ¶ 11.) The very mention of federal law within this allegation is wholly unnecessary to the claims presented and cannot sustain the exercise of federal jurisdiction.[1]

### III. CONCLUSION

The court is mindful of its "virtually unflagging obligation" to exercise the jurisdiction granted by the Constitution and by Congress. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1975). But to exercise federal-question jurisdiction over non-federal claims, the court must be satisfied that the complainant's right to relief necessarily depends upon a question of federal law, and that the question of federal law is substantial. Dixon, 369 F.3d at 816. Consistent with the foregoing discussion, the court declines to exercise federal-question

---

[1] Title 16 of the Code of Federal Regulations, Section 433.2, is more commonly known as the Holder Rule, so named because it requires contracts for consumer credit to include a provision stating that the holder of the contract "is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained" pursuant to the contract or with the proceeds of the contract. The Holder Rule is promulgated under the authority of the Federal Trade Commission. However, the mere inclusion of a notice consistent with the Holder Rule in a contract for consumer credit (such as the contract at issue in this case) does not confer federal-question jurisdiction on the matter. Mathis, 2008 WL 2330537, at *4; Glovier v. Barton Homes, LLC, 452 F. Supp. 2d 657, 659 (W.D. La. 2006); Phillips v. Lithia Motors, Inc., No. 03-3109, 2005 WL 1278850, at *5 n.3 (D. Or. May 25, 2005). Contract actions are considered to arise under state law, even when the contracts-in-suit contain disclosures consistent with the Holder Rule.

jurisdiction over the claim presented by this Complaint. Masey's right to relief does not necessarily depend upon the construction or application of federal law. Having reached this decision, the court has deliberately refrained from considering whether any question of federal law implicated by the Complaint would be sufficiently substantial to sustain federal-question jurisdiction in the absence of other jurisdictional deficiencies.

Therefore, it is

**ORDERED** that the Plaintiff's motion to remand, docket number 7, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 9, 2008